**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

ROSE LEE CAUSEY
INDIVIDUALLY AND ON BEHALF
OF SHANTEL CAUSEY                                            CIVIL ACTION

VERSUS                                                       NO. 19-52-BAJ-EWD

MURPHY OIL USA, INC.
D/B/A MURPHY EXPRESS AND
LIBERTY MUTUAL FIRE
INSURANCE COMPANY

**NOTICE AND ORDER**

This is a civil action involving claims for damages asserted by Rose Lee Causey ("Causey") individually and on behalf of her minor child Shantel Causey (collectively, "Plaintiffs") based upon the injuries allegedly sustained by Causey on January 29, 2018 at a gas station located in Livingston Parish, Louisiana and owned by Defendant Murphy Oil USA, Inc., d/b/a Murphy Express ("Murphy").[1] Causey alleges that, while exiting the gas station, she fell to the ground after her foot got caught on a case of soda and liters of soda then fell on top of her (the "Incident"), which was caused by Murphy's negligence and resulted in personal injuries.[2] The minor's claims are for loss of consortium with Causey due to Causey's injuries in the Incident, and are thus derivative of Causey's claims.[3] On January 29, 2019, Plaintiffs filed their Complaint and allege therein that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[4] However, Plaintiffs have not shown that complete diversity exists because all of Plaintiffs' citizenship allegations are deficient, as set forth below.

---

[1] R. Doc. 1, ¶¶ 2, 4, 16-17.
[2] R. Doc. 1, ¶¶ 6, 13-15.
[3] R. Doc. 1, ¶¶ 16-17.
[4] R. Doc. 1, ¶ 1.

The Complaint's introductory paragraph alleges that Plaintiff is "a resident of the lawful age of the Parish of Livingston, State of Louisiana."[5] Paragraph two of the Complaint alleges that Murphy is "a foreign corporation authorized to do and doing business in the State of Louisiana."[6] Paragraph three of the Complaint alleges that Defendant Liberty Mutual Fire Insurance Company ("Liberty"), Murphy's general liability carrier, is "a foreign insurance company and domicile (sic) of Wisconsin."[7] There are no allegations regarding the citizenship of the minor, Shantal Causey. However, Causey is alleged to be the minor's "mother and legal guardian."[8]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction under 28 U.S.C. § 1332. In the Complaint, Plaintiffs clearly aver that the amount in controversy exceeds $75,000, and therefore, it appears that the amount in controversy is likely met.[9] However, it is not clear that the parties are diverse because citizenship has not been adequately alleged as to any party.

With respect to Causey, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[10] Furthermore, "[f]or adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."[11] With respect to the minor, this Court has previously explained that "'[s]ince most minors are legally incapable of forming the requisite

---

[5] R. Doc. 1, introductory paragraph.
[6] R. Doc. 1, ¶ 2.
[7] R. Doc. 1, ¶ 3.
[8] R. Doc. 1, ¶ 16.
[9] R. Doc. 1, ¶ 1 ("The jurisdiction of this court is involved (sic) under 28 U.S.C. § 1332, as the parties are diverse, and the controversy exceeds SEVENTY-FIVE THOUSAND and NO/100 ($75,000 DOLLARS.")  While taken alone, Causey's claimed injuries may not be enough to establish that the amount in controversy is met because there is no specific indication regarding the severity of the injuries (e.g., medical expenses or lost wages incurred to date), as the plaintiff is the master of his or her complaint, a good faith allegation that the amount in controversy is met is sufficient. *St. Paul Mercury Indem. Co v. Red Cab Co.*, 303 U.S. 283, 288 (1938).
[10] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).
[11] *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996) (*citing Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989)).

intent to establish a domicile, their domicile is determined by that of their parents'" and that "'[w]hen determining a minor's domicile, courts look to the domicile of the minor's guardian if the minor lives with her guardian.'"[12] Causey alleges that she is "the mother and legal guardian of Shantel Causey,"[13] therefore, if the minor lives with Causey, the minor's domicile will be the same as Causey's domicile. Thus, to properly allege the citizenship of Causey, Causey's domicile must be established. To properly allege the citizenship of the minor, Causey must establish the minor's domicile, which depends on Causey's domicile as the minor's legal guardian, if Causey can show that the minor lives with her. Allegations of residency are insufficient.

With respect to corporations Murphy and Liberty, for purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business."[14] Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

Accordingly, Causey must properly identify her own citizenship, *i.e.,* her domicile, and to establish the minor's domicile, Causey must establish that the minor lives with Causey, the minor's alleged legal guardian. Causey must also properly identify Murphy and Liberty's citizenships, *i.e.*, principal places of business and places of incorporation.

Although Defendants have not yet made an appearance in this case, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter.[15]

---

[12] *Champagne v. Parrish*, No. 16-610, 2016 WL 7031331, at * 3 (M.D. La. Nov. 7, 2016) *citing Mississippi Band of Choctaw Indians*, 490 U.S. 30, 48 (1989) (*citing Yarborough v. Yarborough*, 290 U.S. 202, 211 (1933)) and *Daffern v. State Auto Prop. & Cas. Ins. Co.*, No. 10-1211, 2011 WL 1085664, at *2 (W.D. La. Mar. 18, 2011).
[13] R. Doc. 1, ¶ 16.
[14] 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America,* 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").
[15] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005)("[A]ny federal court may raise subject matter jurisdiction sua sponte.").

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff Rose Lee Causey shall file a Motion to Substitute the Complaint with a comprehensive amended Complaint, that contains all of Plaintiffs' allegations, as revised, amended, and/or supplemented, that adequately alleges the citizenships of Plaintiffs and Defendants Murphy Oil USA, Inc., d/b/a Murphy Express and Liberty Mutual Fire Insurance Company. Plaintiffs shall have fourteen (14) days from this Notice and Order to file the Motion to Substitute. No further leave of court is required to file the Motion to Substitute.

Signed in Baton Rouge, Louisiana, on February 1, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**